## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
|     Francis Rayner and Terry Rayner, | : | |
|         Debtors. | : | Bankruptcy No. 19-14659-MDC |

# **O R D E R**

**AND NOW**, this Court, pursuant to its Order dated June 3, 2020 (the "Show-Cause Order"),[1] scheduled a hearing for July 1, 2020 (the "Show-Cause Hearing"), to consider whether this Court should dismiss the above-captioned bankruptcy case of Francis Raynor and Terry Raynor (the "Debtors") for their failure to appear at five scheduled meetings of creditors pursuant to 11 U.S.C. §341 (the "341 Meetings").

**AND**, the Show-Cause Order provided that if the Debtors failed to appear at the Show-Cause Hearing their case could be dismissed without further notice or hearing.

**AND**, the Court held the Show-Cause Hearing on July 1, 2020, at which the Debtors failed to appear.

**AND**, in the Debtors' prior dismissed bankruptcy case, Case No. 18-13052 (the "Prior Bankruptcy Case"), the Court entered an Order (the "Bar Order")[2] prohibiting the Debtors from filing another individual or joint bankruptcy case without first obtaining permission from the Court.

**AND**, after entry of the Bar Order, the Debtors filed a motion (the "Motion for Leave")[3] in the Prior Bankruptcy Case seeking leave to file a new bankruptcy case.

---

[1] Bankr. Docket No. 47.

[2] Case No. 18-13052, Bankr. Docket No. 68.

[3] Case No. 18-13052, Bankr. Docket No. 71.

**AND**, the Court entered an Order[4] granting the Motion for Leave but providing that "Debtors are barred from filing any case without prior Court approval if any newly filed case is dismissed for any reason."

**AND**, after the Debtors' failure to appear at the 341 Meetings and the Show-Cause Hearing, it is hereby **ORDERED** and **DETERMINED** that:

1. Consistent with the Show-Cause Order, the above-captioned bankruptcy case is **DISMISSED**.

2. Consistent with the Bar Order, the Debtors are **PROHIBITED** from filing another individual or joint bankruptcy case without first obtaining permission from the Court.

3. The prohibition set forth in Paragraph 2 shall expire on July 1, 2022.

4. Unless directed otherwise, the Clerk of this Court is directed to refrain from accepting any bankruptcy petitions filed on behalf of either or both Debtors until July 1, 2022.

Date: July 17, 2020

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Michael T. Malarick, Esquire
Michael T. Malarick, Esq. PC
2211 Chichester Avenue, Suite 201-B
Boothwyn, PA 19061

Gary F. Seitz, Esquire
Gellert Scali Busenkell & Brown LLC
8 Penn Center
1628 John F. Kennedy Boulevard, Suite 1901
Philadelphia, PA 19103

United States Trustee
Custom House
200 Chestnut Street, Suite 502
Philadelphia, PA 19106-2912

---

[4] Case No. 18-13052, Bankr. Docket No. 75.